**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com)
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff and the Putative Class*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE COOPER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURALLUX, LLC, a Florida limited liability company,<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, et. seq.<br><br>2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE § 17500, et. seq.<br><br>3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE § 17200, et. seq.<br><br>4. BREACH OF EXPRESS WARRANTY.<br><br>5. UNJUST ENRICHMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Janice Cooper ("Ms. Cooper" or "Plaintiff"), individually and on behalf of all other similarly situated purchasers (the "Class") of the CapillusUltra, CapillusPlus, Capillus X+, and CapillusPro laser caps (the "Product(s)"), brings this class action against Curallux, LLC, ("Curallux" or "Defendant") alleges as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## SUMMARY OF THE ACTION

1.      In order to gain an unfair advantage in the hair regrowth industry, Defendant misrepresents its Products as being "clinically proven" to regrow hair, "physician recommended," and "without side effects." These claims are false, misleading, and deceptive. The Products have not been adequately tested or proven; the Products are not recommended by physicians without a financial interest in the Products; and there are side effects, including, but not limited to, temporary hair shedding, scalp pruritus, and stimulation of existing cancer cells, which are not disclosed to consumers.



2.      Defendant manufactures, markets, and sells the Products, which are known as laser caps, to males and females experiencing hair loss. These laser caps provide low level light treatment to the scalp, which Defendant claims stimulates and energizes the cells within the hair follicles, thus producing hair growth.

3.      By making false, deceptive, and misleading representations about the Products, Defendant is in violation of California's consumer protection statutes, namely, California Consumers Legal Remedies Act ("CLRA"), Civil Code section 1750, *et seq*.; California False Advertising Law ("FAL"), Business and Professions Code section 17500, *et seq*.; and California Unfair Competition Law ("UCL"), Business and Professions Code section 17200, *et seq*.

2

1

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)(A) because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

5.      Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant made the false, misleading, and deceptive advertising statements in this District; and Plaintiff purchased and used the Product within this District. Moreover, Defendant receives substantial compensation from sales and user engagement in this District, and Defendant made numerous misrepresentations, which had a substantial effect in this District through its television commercials, the Products' packaging and label, and its website.

6.      Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## PARTIES

7.      Ms. Cooper is an individual residing in Moraga, California. Plaintiff purchased the Capillus82 (now known as the "CapillusUltra") Product in California in March of 2018. Specifically, Ms. Cooper purchased the Capillus82 Product online from Costco for approximately $700. In making her purchase decision, Ms. Cooper reasonably believed and relied upon advertising and marketing of the Products as being "clinically proven," "physician recommended," and "without side effects." She would not have purchased the Product had she known the Product was not clinically proven, physician recommended, or had side effects. If Ms. Cooper could rely on the truth of these statements, she might purchase the Product in the future.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

8.      Curallux, LLC is headquartered in Florida. Curallux maintains its principal place of business at 1715 NW 82nd Avenue, Miami, Florida 33126. Curallux offers the Products for sale at stores and retailers as well as through the internet, throughout the nation, including the State of California. Curallux, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Curallux is the owner and distributor of the Products and is the company that created and/or authorized the false, misleading, and deceptive advertisements for the Products.

9.      In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendant participated in the making of such representations in that it disseminated or caused to be disseminated said misrepresentations.

10.      Defendant, upon becoming involved with the manufacture, distribution, advertising, labeling, marketing, and sale of the Products, knew or should have known that the claims about the Products, particularly the claims suggesting and outright stating that the Products are "clinically proven," "physician recommended," and "without side effects" are false, misleading, and deceptive. Defendant affirmatively misrepresented the nature and characteristics of the Products in order to convince the public to purchase and consume the Products, resulting in, upon information and belief, profits of millions of dollars or more to Defendant, all to the detriment of the consuming public.

## FACTS AND DEFENDANT'S COURSE OF CONDUCT

### Hair Loss

11.      Every human hair contains three distinct parts: the shaft, root, and follicle. The hair shaft is the strand of hair that is visible above the skin. The hair root is the section of the hair that lies beneath the skin. The hair follicle is the skin that holds the hair root.[1]

12.      There are three stages of hair growth: the anagen phase, catagen phase, and telogen phase. During the anagen phase, the hair shaft is actively growing within the hair follicle. The

---

[1] *See* CAPILLUS, capillus.com/how-does-hair-loss-occur (last visited January 23, 2020).

anagen phase normally lasts between 2 and 8 years. The catagen phase is a transitional stage when the hair stops growing. The catagen phase usually lasts less than a month. Finally, during the telogen phase, the hair follicle is inactive until a new hair shaft emerges and pushes out the old one. The telogen phase is usually between 2 and 4 months long.[2]

13.     There are several different factors that can lead to hair loss, including genetics, thyroid imbalance, taking certain prescription medications, stress, and physical trauma.[3]

**The Products**

14.     Defendant sells four similar laser cap products: the CapillusUltra, CapillusPlus, Capillus X+, and CapillusPro. The only differences between the Products are their relative strengths and prices.

15.     Defendant claims that using the Products is "kind of like sending your hair to the gym. It's a bio-stimulatory therapy, in that it stimulates the hair cells to both stay in the growth phase longer, reenter the growth phase sooner, and stay out of the non-growth phase for as long as possible."[4]

16.     Defendant currently sells the CapillusUltra, its least expensive Product, for $999 on its website. *See* figure 1, *infra*.

///

///

///

///

///

///

///

///

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

[2] *Id.*
[3] *Id.*
[4] *See* CAPILLUS, capillus.com/capillus-laser-caps (last visited January 23, 2020).

1

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

___**Figure 1.**___ (below): Screenshot taken from Defendant's website.[5]



17.    The CapillusPlus sells for $1,999 on Defendant's website. *See* figure 2, *infra*.

___**Figure 2.**___ (below): Screenshot taken from Defendant's website.[6]



///

///

///

///

///

[5] *Id.*
[6] *Id.*

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

18.    The Capillus X+ sells for $2,899 on Defendant's website. *See* figure 3, *infra*.

**_Figure 3._** (below): Screenshot taken from Defendant's website.[7]



19.    The CapillusPro, sells for $2,999 on Defendant's website. *See* figure 4, *infra*.

**_Figure 4._** (below): Screenshot taken from Defendant's website.[8]

///

///

///

---

[7] *See* Capillus, capillus.com/capillus-x-plus (last visited January 23, 2020).
[8] *See* Capillus, capillus.com/capillus-laser-caps (last visited January 23, 2020).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## **Defendant's Products Are Not Clinically Proven**

20.     Defendant deceptively advertises that **all** of its Products are "clinically proven" to regrow hair in **both** men and women. These advertising claims appear in television commercials, on the Products' packaging and label, and on Defendant's website. *See* figure 5, *infra*.

**_Figure 5._** (below): Screenshot taken from Defendant's website.[9]



21.     In support of this false and misleading claim, Defendant relies on one clinical trial it sponsored in 2014.[10] This trial studied the effects that Defendant's Capillus272 Pro Product, now known as the CapillusPro, had on female test subjects. Defendant's clinical trial did not study the effect that any of the Products would have on male subjects. Female pattern hair loss is different than Male pattern hair loss in terms of causes, patterns, and treatment. The clinical trial Defendant conducted on female test subjects cannot be accurately extrapolated to males. Yet, Defendant advertises that its Products are "clinically proven" to regrow hair in both men and women.

22.     Defendant's clinical trial did not test Defendant's CapillusUltra, CapillusPlus, or Capillus X+ Products. Yet, Defendant touts that all of its Products have been "clinically proven" to regrow thinning hair.

23.     Defendant's claims that all of its Products have been "clinically proven" to regrow hair in both men and women is false, deceptive, and misleading to reasonable consumers.

---

[9] *Id.*

[10] *See*, Raymond R. Blanche, *A Novel Approach to Treating Androgenetic Alopecia in Females With Low Level Laser Therapy*, US National Library of Medicine National Institutes of Health (August 2014) https://clinicaltrials.gov/ct2/show/study/NCT01967277?term=capillus (last visited February 14, 2020).

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

### Defendant's "Physician Recommended" Claim Is Misleading

24.     Defendant deceptively advertises that its Products are "physician recommended" and that "Capillus is the preferred laser therapy brand of leading hair restoration surgeons." These advertising claims appear in television commercials, on the Products' packaging and label, and on Defendant's website. *See* figures 6 and 7, *infra*.

*__Figure 6.__* (below): Screenshot taken from Defendant's website.[11]

ARN    CONNECT                                capillus                                        Q

## Why Choose Capillus Over Other Laser Devices

**WE DELIVER WHAT WE PROMISE**
We provide ultimate traceability and quality in our ISO13485 certified medical devices.

**LEADERS IN INNOVATION**
From 6 minute treatments to flexible fitting comfort... we pioneer, others imitate.

**MEDICAL & LASER THERAPY EXPERTISE**
Our experts design, produce & support our customers with hair health & laser know-how.

**INDUSTRY-LEADING LASER COVERAGE OPTIONS**
We provide options in laser density with laser devices ranging from 410 mW to unparalleled 1560 mW.

**PHYSICIAN RECOMMENDED\***
Capillus is the preferred laser therapy brand of leading hair restoration surgeons.

**US MANUFACTURING & SUPPORT**
Based in Miami with seamless accessibility for distribution, maintenance & customer service.

*__Figure 7.__* (below): Screenshot taken from Defendant's website.[12]

CONNECT                                capillus                                        C

## How Capillus Works



Capillus laser therapy is a physician-recommended, FDA cleared treatment clinically proven to regrow thinning hair and prevent further progression of hair loss due to androgenetic alopecia (pattern balding). For only 6 minutes of use per day, Capillus laser therapy caps utilize safe, low level lasers to stimulate, energize, and renew cells within the hair follicle for thicker, healthier hair.

///

///

---

[11] *See* CAPILLUS, capillus.com/capillus-laser-caps (last visited January 23, 2020).
[12] *Id.*

CLASS ACTION COMPLAINT

25.     To validate the "physician recommended" claims, Defendant relies on eight physicians to recommend the Products on its television commercials, the Products' packaging and label, and its website. For example, *see* figure 7, *infra*.

***Figure 8.*** (below): Screenshot taken from Defendant's website.[13]



Why Our Physicians Recommend Capillus

"I like the type of laser device that you can actually put on your head and walk around because it has a battery pack. That seems to be the laser that is most compliant with patients and compliance means efficacy."

Dr. Shelly Friedman, DO
Scottsdale, Hair Restoration Surgeon

26.     All of the physicians that recommend the Products sell the Capillus Products and are a part of the Capillus network. These physicians have a financial incentive to make the purported recommendations.

27.     Defendant has not conducted any legitimate and reliable surveys of non-biased medical professionals demonstrating that other physicians recommend the Products as part of their practice.

28.     The phrase "physician recommended" is material to reasonable consumers.

29.     Defendant's claims that all of its Products are "physician recommended" are false, deceptive, and misleading to reasonable consumers.

**Defendant's Products Have Known Side Effects**

30.     Defendant falsely advertises that its Products offer hair growth "without side effects." These advertising claims appear in television commercials, on the Products' packaging and label, and on Defendant's website. *See* figure 8, *infra*.

///

---

[13] *Id.*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

*Figure 9.* (below): Screenshot taken from Defendant's website.[14]



31.    Defendant claims that consumers can use all of the Products "without side effects," without having tested all of the Products.

32.    Scientific studies[15] and user guidelines from other companies[16] indicate that there are several side effects associated with use of the Products, including, but not limited to: temporary hair shedding, scalp pruritus, and stimulation of existing cancer cells.

33.    Defendant's claim that the Products can be used "without side effects" is false, deceptive, and misleading to reasonable consumers.

34.    The Products are marketed and sold at retail stores throughout California and the United States as well as on Defendant's website (www.capillus.com).

35.    When purchasing the Product, Plaintiff reasonably relied on Defendant's claims that the Products were "clinically proven" to regrow hair in men and women, "physician recommended," and "without side effects." Had Plaintiff known these statements were false, she would not have purchased the Product.

36.    Defendant's advertising and marketing claims lead reasonable consumers to reasonably believe that the Products are actually "clinically proven" to regrow hair, "physician recommended," and "without side effects."

---

[14] *See* CAPILLUS, capillus.com/are-there-side-effects-to-laser-hair-therapy (last visited January 23, 2020).
[15] *See*, Suchonwanit, Chalermroj, Khukhet, *Low-level laser therapy for the treatment of androgenetic alopecia in Thai men and women: a 24-week, randomized, double-blind, sham device-controlled trial*, Lasers in Medical Science (December 2018) https://doi.org/10.1007/s10103-018-02699-9 (last visited January 23, 2020).
[16] *See* Valerie Sjoberg, L.Ac., *Low-Level Laser Therapy: Healing Benefits and Risks*, The Chopra Center, https://chopra.com/articles/low-level-laser-therapy-healing-benefits-and-risks (last updated March 21, 2016).

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

37.     Upon information and belief, during the course of its false, misleading, and deceptive advertising campaign, Defendant has sold thousands of units or more of the Products based upon Defendant's false claims. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations.

38.     Defendant's conduct not only threatens consumers, but stifles competition from businesses large and small who play by the rules. If Defendant's conduct were permitted to continue unchecked, Defendant would obtain an unfair competitive advantage over competitors who follow the law.

39.     Plaintiff seeks injunctive relief against Defendant for false and misleading advertising in violation of Business and Professions Code Section 17200, et seq., Business and Professions Code Section 17500, et seq., and Civil Code Section 1750, et seq.  Defendant made and continues to make these false and misleading statements in its advertising of the Products. Compliance with remedial statutes like those underlying this lawsuit will benefit Plaintiff, the putative class, consumers, and the general public. Compliance is the primary litigation objective of this lawsuit.

40.     The false and misleading advertising of the Products violates the California Consumers Legal Remedies Act, particularly California Civil Code Sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9). As such, Defendant has committed per se violations of Business and Professions Code Section 17200, et seq., and Business and Professions Code Section 17500.

41.     On November 21, 2019, the putative class provided Defendant with notice of these violations via certified U.S. mail pursuant to Civil Code Section 1750, *et seq.*

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

43.     "All persons who purchased the Products in the United States or, alternatively, in California, for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present."

CLASS ACTION COMPLAINT

44.     Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

45.     The Class is comprised of thousands of consumers throughout the United States and/or State of California. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

46.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

    a.  Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

    b.  Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

    c.  Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

    d.  Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

    e.  Whether Defendant made false and misleading representations in its advertising of the Products;

    f.  Whether Defendant knew or should have known that the representations were false; and,

    g.  Whether Defendant represented that the Products have characteristics, benefits, uses, or quantities which they do not have.

47.     Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained in advertisements that were seen and relied on by Plaintiff and members of the class.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

48.     Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

49.     Plaintiff and the Class have suffered injury in fact and lost money as a result of Defendant's false, deceptive, and misleading representations.

50.     Plaintiff would not have purchased the Product but for the representations by Defendant about the Products.

51.     The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

52.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

53.     The trial and the litigation of Plaintiff's claims are manageable.

54.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendant.

55.     Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

///

///

///

///

**FIRST CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

**BUSINESS & PROFESSIONS CODE § 17200, *et seq*.**

**(On Behalf of the Class)**

56.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

57.     This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq*., on behalf of Plaintiff and a Class consisting of all persons residing in the United States and/or State of California who purchased the Products for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present.

**A.     "Unfair" Prong**

58.     Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, et seq., a challenged activity is "unfair" when any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid. *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

59.     Defendant's false and deceptive advertising as alleged herein does not confer any benefit to consumers.

60.     Defendant's false and deceptive advertising as alleged herein causes injuries to consumers, who do not receive a product consistent with their reasonable expectations.

61.     Defendant's false and deceptive advertising as alleged herein causes injuries to consumers, who end up overpaying for the Products that are not as advertised.

62.     Consumers cannot avoid any of the injuries caused by Defendant's false and deceptive advertising.

63.     The injuries cause by Defendant's false and deceptive advertising outweighs any benefits.

64.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes an unfair business practice within the meaning of California Business and Professions Code Section 17200.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

65.     Defendant could have furthered its legitimate business interests in ways other than by advertising the Products unfairly.

66.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on approximately thousands of occasions daily.

67.     Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unfair business practices.

68.     Plaintiff and the Class have suffered injury-in-fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for these products. Specifically, Plaintiff paid for a product that was "clinically proven," "physician recommended," and "without side effects." Plaintiff and the Class would not have purchased the Products, or would have paid significantly less for the Products, if they had known that none of these advertising claims were true.

### B.     "Fraudulent" Prong

69.     California Business and Professions Code Section 17200, et seq., prohibits fraudulent conduct, defined as conduct that is likely to deceive members of the public. A business practice is "fraudulent" if it actually deceives members of the consuming public.

70.     Defendant's false and deceptive advertising as alleged herein is likely to deceive the members of the public.

71.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes a fraudulent business practice in violation of California Business & Professions Code Section 17200.

72.     Defendant knew or should have known of its fraudulent conduct.

73.     Defendant could have furthered its legitimate business interests in ways other than by advertising the Products fraudulently.

74.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on approximately thousands of occasions daily.

75.     Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its fraudulent business practices.

76.     Plaintiff and the Class have suffered injury-in-fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for these products. Specifically, Plaintiff paid for a product that was "clinically proven," "physician recommended," and "without side effects." Plaintiff and the Class would not have purchased the Products, or would have paid significantly less for the Products, if they had known that none of these advertising claims were true.

### C.     "Unlawful" Prong

77.     California Business and Professions Code Section 17200, et seq., identifies violations of any state or federal law as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

78.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, et. seq., California Business and Professions Code Section 17500, et. seq., California's Sherman Law, and the California Business and Professions Code Section 12606.2, et seq.

79.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes unlawful conduct.

80.     Defendant knew or should have known of its unlawful conduct.

81.     As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code section 17200.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

82.     Defendant could have furthered its legitimate business interests in ways other than by advertising the Products unlawfully.

83.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on approximately thousands of occasions daily.

84.     Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unlawful business practices.

85.     Plaintiff and the Class have suffered injury-in-fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for these products. Specifically, Plaintiff paid for a product that was "clinically proven," "physician recommended," and "without side effects." Plaintiff and the Class would not have purchased the Products, or would have paid significantly less for the Products, if they had known that none of these advertising claims were true.

## SECOND CAUSE OF ACTION:

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

### (On Behalf of the Class)

86.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

87.     This cause of action is brought pursuant to Business and Professions Code Section 17500, et seq., on behalf of Plaintiff and the Class consisting of all persons residing in the United States and/or State of California who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

88.     Defendant, in its advertising of the Products, makes false and misleading statements regarding the quality and characteristics of the Products, particularly that they are "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side

effects." Such claims appear on Defendant's television commercials, the Products' packaging and label, and Defendant's website.

89.    Defendant's claims about the Products lead reasonable consumers to believe that the Products are in fact "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects."

90.    Defendant knew or should have known that its advertising claims set forth herein are false and misleading to reasonable consumers.

91.    Plaintiff would not have purchased the Product but for the representations by Defendant that the Products are "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects."

92.    Plaintiff and the Class have suffered injury in fact and lost money as a result of and in reasonable and detrimental reliance upon Defendant's false representations.

93.    As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business and Professions Code Section 17500.

94.    In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17500.

95.    Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiff and the members of the Class seek a court order enjoining Defendant from continuing to deceptively advertise the Products as set forth herein.

///

///

///

///

**THIRD CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,**

**CALIFORNIA CIVIL CODE § 1750, *et seq.***

**(On Behalf of the Class)**

96.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

97.     This cause of action is brought pursuant to Civil Code Section 1750, et seq., the Consumers Legal Remedies Act ("CLRA"), on behalf of Plaintiff and a Class consisting of all persons residing in the United States and/or State of California who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

98.     The Class consists of thousands of persons, the joinder of whom is impracticable.

99.     There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members, as set forth, supra.

100.     Defendant's misrepresentations described herein were intended to increase sales to the consuming public, and violated and continue to violate the CLRA by (1) misrepresenting the approval or certification of goods, (2) representing that the Products have characteristics and benefits which they do not have, (3) representing that goods are of a particular standard when they are of another, and (4) advertising goods with the intent not to sell them as advertised.

101.     In advertising the Products as set forth herein, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class, specifically by claiming the Products are "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects." Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class, and depriving them of their legal rights and money.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

102. Defendant's claims about the Products led and continues to lead consumers like Plaintiff to reasonably believe that the Products are "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects."

103. Defendant knew or should have known that the Products are not "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects."

104. Plaintiff and the Class have suffered injury in fact as a result of and in reliance upon Defendant's false representations.

105. Plaintiff would not have purchased the Product but for the misrepresentations by Defendant about the Products set forth herein.

106. Pursuant to Section 1780(a) of the CLRA, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to, an order enjoining Defendant from continuing to make the representations set forth above that the Products are "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects." At a minimum, Defendant must immediately cease its false, deceptive, and misleading representations on its television commercials, the Products' packaging and label, and its website.

107. Plaintiff shall suffer irreparable harm if such an order is not granted.

108. By letter dated November 21, 2019, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782(a).

**FOURTH CAUSE OF ACTION:**

**BREACH OF EXPRESS WARRANTY**

**(On Behalf of the Class)**

109. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

110. Defendant expressly warranted in its television commercials, the Products' packaging and label, and its website that that the Products are "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects." Defendant's claims constitute an affirmation of fact, promise, and/or description of the goods, the Products, that became

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

part of the basis of the bargain and created an express warranty that the Products would conform to the stated promise. Plaintiff placed importance on Defendant's claims.

111. All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

112. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing Products that conform to the advertisement.

113. Defendant's express warranty that the Products provided are "clinically proven" to help regrow hair in men and women was breached because Defendant has not tested how all of its Products affect both men and women.

114. Defendant's express warranty that the Products provided are "physician recommended" was breached because Defendant has not conducted a legitimate and reliable survey of physicians who use the Products in their practice.

115. Defendant's express warranty that the Products are "without side effects" was breached because Defendant has not tested all of its Products, and there are well-known side effects associate with the use of the Products.

116. Defendant therefore breached the terms of its express warranties with Plaintiff and the Class by not providing Products that conform to the advertising claims set forth herein.

117. As a result of Defendant's breach of express warranty, Plaintiff and the Class have been damaged in the amount to be determined at trial.

## FIFTH CAUSE OF ACTION:

### UNJUST ENRICHMENT

#### (On Behalf of the Class)

118. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

119. By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

120.   Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

121.   As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

122.   Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

123.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Products to Plaintiff and members of the Class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances making it inequitable to do so constitutes unjust enrichment.

124.   The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

125.   Plaintiff and members of the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

A.   An order enjoining Defendant from advertising the Products are "clinically proven" to regrow hair in both men and women, "physician recommended," and "without side effects;"

B.   Damages against Defendant in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

C.   Restitution and/or disgorgement in an amount to be determined at trial;

D.   Punitive damages;

E.   Reasonable attorneys' fees;

1     F.     Costs of this suit; and

2     G.     Such other and further relief as the Court may deem necessary or appropriate.

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: April 10, 2020                **CLARKSON LAW FIRM, P.C.**

Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Matthew T. Theriault, Esq.
Bahar Sodaify, Esq.

*Attorneys for Plaintiff and the Putative Class*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT