UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JANICE COOPER, | Case No. 20-cv-02455-PJH |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO TRANSFER** |
| CURALLUX LLC, | Re: Dkt. No. 19 |
| Defendant. | |

Before the court is defendant Curallux LLC's ("Curallux" or "defendant") motion to transfer venue. The matter is fully briefed[1] and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion for the following reasons.

## BACKGROUND

Plaintiff Janice Cooper ("plaintiff") filed this putative class action against defendant on April 10, 2020 asserting claims for violation of the California Consumer Legal Remedies Act, violation of the California False Advertising Law, violation of the California Unfair Competition Law, breach of express warranty, and unjust enrichment. Dkt. 1.

---

[1] After defendant filed its reply brief, the parties stipulated to plaintiff filing a sur-reply on the grounds that the reply brief raised new authority and new arguments. Dkt. 35. Plaintiff then filed the sur-reply (Dkt. 36) before the court approved the stipulation, (Dkt. 38). Upon review, the sur-reply does not address any new issues raised in the reply and only seeks to get in the last word on cases cited by defendant. Because the parties stipulated to the sur-reply and the court has already granted that stipulation, the court will not strike the sur-reply. However, the court will not consider plaintiff's arguments raised in the sur-reply.

After defendant filed the pending motion to transfer, plaintiff filed the operative First Amended Complaint ("FAC"), which asserts the same five claims as the complaint. Dkt. 22.

Defendant Curallux is a Florida limited liability company that is headquartered in Miami, Florida. Id. ¶ 8. Defendant manufactures and distributes a series of hair regrowth products including CapillusUltra, CapillusPlus, Capillus X+, and Capillus Pro (collectively the "products"), which are hats with lasers in them. Id. ¶¶ 1–2. These lasers provide low level light treatment to the scalp, which defendant claims stimulates and energizes cells with hair follicles. Id. ¶ 2. In March 2018, plaintiff purchased one of the products and alleges that she relied upon advertising and marketing of the products as being "without side effects" and "physician recommended." Id. ¶ 7. Plaintiff developed several side effects after using the product including itchy scalp, dry scalp, dandruff, headaches, and dizziness. Id.

According to the FAC, scientific studies and experts in the field of hair restoration state that there are several side effects associates with the use of low level laser therapy for hair loss. Id. ¶ 22. Plaintiff also alleges that defendant relied on eight physicians to endorse the products and further allege that these physicians have a financial incentive to make the purported recommendations. Id. ¶ 29. Plaintiff alleges that a reasonable consumer would interpret "physician recommended" to mean a physician without financial incentive to recommend the product. Id. ¶ 30. Plaintiff brings false advertising claims based on these two statements by defendant. Further, plaintiff seeks to certify a class of "[a]ll persons who purchased the Products in the United States or, alternatively, in California, for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present." Id. ¶ 43.

**DISCUSSION**

**A.  Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been

2

brought." 28 U.S.C. § 1404(a).  In deciding a motion to transfer venue, the district court must consider each of the factors enumerated in § 1404(a)—whether the action could have been brought in the proposed transferee district, the convenience of the parties, the convenience of the witnesses, and the interests of justice.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). The moving party has the burden to show that the action should be transferred under § 1404(a).  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

If the action could have been brought in the transferee venue, the court then must determine if the defendant has made a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by considering private factors relating to "the convenience of the parties and witnesses" and public factors relating to "the interest of justice," including "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (internal quotation marks omitted).  The district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498 (citing Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

Courts in this district commonly examine the following factors to determine convenience and fairness under § 1404(a): (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the ease of access to the evidence, (5) the familiarity of each forum with the applicable law, (6) the feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted); see Jones, 211 F.3d at 498–99. Courts may examine all these factors, but "[n]o single factor is dispositive." Ctr. for Biological Diversity v. Kempthorne, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., 487 U.S. at 29).  Instead, the weighing of the factors for and against transfer is best left to the discretion of the trial judge.  Ventress v.

3

Japan Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007) (citation omitted).

**B.  Analysis**

Defendant moves to transfer venue to the district court for the Southern District of Florida.  Mtn. at 1.

### 1. Whether the Action Could Have Been Initiated in the Southern District of Florida

"In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district."  Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).  Defendant argues that this action could have been brought in the Southern District of Florida because it is headquartered there and is amenable to process in that district.  Mtn. at 4.  Plaintiff does not contest and the court agrees that this case could have been brought in the Southern District of Florida.

### 2. Whether Transfer Would Advance the Interests of Justice

#### a. Plaintiff's Choice of Forum

The parties dispute the extent to which a plaintiff's choice of forum in a putative class action is entitled to any weight.  Defendant argues that plaintiff's choice of forum should not be accorded any weight because of the minimal role that named plaintiffs have in class action litigation.  Id. at 7.  Plaintiff argues that the cases on which defendant relies are distinguishable and inapplicable.  Opp. at 4.

"Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted).  "In judging the weight to be accorded [the plaintiff's] choice of forum, consideration must be given to the extent of both [the plaintiff's] and the [defendant's] contacts with the forum, including those relating to [the plaintiff's] cause of action.  Id. (citing Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).  "In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against

4

the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010).

Here, there is no evidence of forum shopping. Plaintiff resides in the Northern District of California and alleges that she purchased the product online while in California. FAC ¶ 7. Her claims arise under California law. Conversely, defendant's contacts with this district are minimal; other than offering its products for sale in this district via the internet, defendant's contacts are centered on Florida. Id. ¶ 8. Because some of the operative facts occurred in the forum and plaintiff resides in the forum, plaintiff's choice of forum is accorded some weight. This consideration is diminished because plaintiff seeks to certify a nationwide class that, if certified, would have substantially less connection to this district. Neither party has proffered evidence concerning the location of putative class members that might clarify the putative class's contacts with this district. This factor weighs slightly in favor of plaintiff.

### b. Convenience of the Parties

Defendant contends that the Northern District is only convenient to plaintiff's counsel, which the court should not consider for purposes of a motion to transfer venue. Mtn. at 5–6. Plaintiff states that she has made no argument about the convenience of her counsel, but rather that, as an ordinary consumer, she is inconvenienced by the proposed transfer. Opp. at 6.

As both parties recognize, it would be more convenient for defendant to litigate in the Southern District of Florida. To the extent that defendant's business operations are disrupted in responding to this litigation, such an impact would be lessened if defendant were litigating closer to home than in California. To the extent that plaintiff has a role in the litigation, it would be inconvenient for her to litigate in Florida. Again, because the parties have not demonstrated where the putative class is located, it is not clear that this district is convenient for plaintiff, if she were to prevail in certifying a class. This factor weighs in favor of defendant as its contacts are clearly centered on Florida.

### c. Convenience of the Witnesses

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)." Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation omitted). "Importantly, '[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor.'" Id. (alteration in original) (quoting Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co., 734 F. Supp. 54, 57 (N.D.N.Y. 1990)). "In determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and location of each, but, rather, the court must consider the importance of the witnesses." Id. at 1160–61 (citations omitted). In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance. Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001) (citation omitted).

Here, defendant argues that all of its employees are located in the Southern District of Florida. Mtn at 4. The eight physicians referenced in the FAC are located across the country: one each in New England, Maryland, Georgia, California, Florida, and Arizona and two in Illinois. Id. at 4–5. This case also stems from an investigation into defendant by the Federal Trade Commission ("FTC") and if any witnesses are required from the FTC, they are located in Cleveland, Ohio and Washington, D.C. Id. at 5. Defendant argues that if plaintiff is able to certify a nationwide class, then discovery will be conducted across the nation. Id. Plaintiff argues that defendant has not met its burden to identify specific witnesses in its employ who would testify. Opp. at 6. Plaintiff further contends that plaintiff and a large portion of class members reside in California and plaintiff's experts will be retained in California. Id.

Beginning with non-party witnesses, defendant cites the eight physicians that plaintiff referred to in the FAC and generally identifies FTC employees as the pertinent non-party witnesses. The majority of these witnesses are located outside of both the

6

1    Northern District of California and the Southern District of Florida.  One physician each
2    resides in California and Florida and two physicians live somewhat close to each district
3    (Georgia and Arizona respectively).  Otherwise, there is no discernable convenience to
4    non-party witnesses.  Defendant also does not identify the importance of any particular
5    witness or discuss how many FTC witnesses might be implicated by this action.

6         With respect to its own witnesses, defendant does not identify how many
7    witnesses would testify or the importance of the testimony that they would proffer.
8    Presumably, some will provide testimony.  With respect to plaintiff's witnesses, plaintiff
9    alleges that there are tens of thousands of consumers located in both the state of
10   California and throughout the United States.  FAC ¶ 45.  It is not clear on what basis
11   plaintiff makes the claim that a large portion of potential class members reside in
12   California and it is somewhat speculative to rely on plaintiff's statement that she intends
13   to hire California-based expert witnesses.  While plaintiff's individual claims involve her
14   testimony in this district, there is no indication that the same is true of her class claims.
15   However, defendant has the burden to demonstrate specific inconvenience to witnesses
16   (especially non-party witnesses) and it is not clear that Florida is more convenient than
17   California.  This factor is neutral.

### d.    Ease of Access to Evidence

19        According to defendant, the location of evidence appears to favor transfer of this
20   case to the Southern District of Florida because any physical business records will be
21   located at defendant's headquarters.  Mtn. at 6.  Plaintiff contends that this factor should
22   not be weighted as heavily because defendant fails to explain why its evidence cannot be
23   electronically accessed and produced.  Opp. at 7.  Defendant responds that other courts
24   are aware of electronic access to documents and nonetheless find that the location of
25   documentary evidence remains relevant.  Reply at 5.

26        The impact of the electronic accessibility of documents is a recurring issue in
27   transfer of venue cases.  See, e.g., United States ex rel. Tutanes-Luster v. Broker Sols.,
28   Inc., No. 17-CV-04384-JST, 2019 WL 1024962, at *6 (N.D. Cal. Mar. 4, 2019) (stating

7

1   that "[c]ourts generally do not regard 'the transportation of documents . . . as a burden
2   because of technological advances in document storage and retrieval'" and then stating,
3   "ease of access to the evidence remains a factor to consider" (second alteration in
4   original) (citation omitted)).  In Park v. Dole Fresh Vegetables, Inc., a case cited by
5   defendant, the district court cited a 2003 case for the proposition that "[a]lthough
6   developments in electronic conveyance have reduced the cost of document transfer
7   somewhat, costs of litigation can still be substantially lessened if the venue is in the
8   district in which most of the documentary evidence is stored." 964 F. Supp. 2d 1088,
9   1095 (N.D. Cal. 2013) (quoting Italian Colors Rest. v. Am. Express Co., No. 03–3719,
10  2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003)).  Other courts have also quoted,
11  cited, and relied on this same statement, usually by citing a case that ultimately relies on
12  Italian Colors Restaurant.  E.g., Barroca v. United States, No. 19-CV-00699-MMC, 2019
13  WL 5722383, at *4 (N.D. Cal. Nov. 5, 2019); Schlesinger v. Collins, No. 19-cv-03483-
14  EMC, 2019 WL 4674396, at *4 (N.D. Cal. Sept. 25, 2019); Tutanes-Luster, 2019 WL
15  1024962, at *6.  Much has changed in the seventeen years since the district court in
16  Italian Colors Restaurant summarized the then-current state of documentary evidence.
17  Instead, a better summary of the current state of documentary evidence is: "[e]ase of
18  access to evidence is generally not a predominate concern in evaluating whether to
19  transfer venue because 'advances in technology have made it easy for documents to be
20  transferred to different locations.'"  Byler v. Deluxe Corp., 222 F. Supp. 3d 885, 906–07
21  (S.D. Cal. 2016) (quoting Metz v. U.S. Life Ins. Co. in City of N.Y., 674 F. Supp. 2d 1141,
22  1148 (C.D. Cal. 2009)).

23   If defendant wants to avail itself of the proposition that the costs of litigation can be
24  substantially lessened in the venue in which most of the documentary evidence is stored,
25  then it needs to demonstrate that some relevant amount of evidence is unavailable by
26  means of electronic transfer and is located in the proposed venue.  The Park court
27  recognized as much, finding that the defendant in that case "provided evidence that the
28  documentary evidence for this case is largely maintained at its . . . office . . . ." 964 F.

Supp. 2d at 1095.  Defendant has not attempted to quantify the extent to which its documents are only available in non-electronic form and also located in the Southern District of Florida.  Accordingly, this factor does not clearly favor transfer to the Southern District of Florida.

### e. Familiarity with Applicable Law

Plaintiff's causes of action arise under California law.  It is plausible that a federal district court located in California is more familiar with California state law than a federal district court in Florida.  However, federal district courts are often asked to apply the state law of jurisdictions beyond the jurisdiction in which the court sits.  This factor weighs slightly against transfer.

### f. Other Factors

Other factors to be considered include the feasibility of consolidation with other claims, any local interest in the controversy, and the relative court congestion and time to trial in each forum.  No other claims have been identified so consolidation is not a consideration.

With regard to local interest, defendant contends that the center of gravity in this case is the Southern District of Florida because all of the decisions regarding the marketing, testing of the products, and the FTC investigation all occurred in Florida.  Mtn. at 8.  Plaintiff responds that this court has a strong public interest in adjudicating this dispute because it was brought in a California court, under California law, and involving California residents.  Opp. at 11.

The gravamen of this suit arises out of plaintiff's challenges to defendant's marketing and advertising concerning products that are sold across the entire United States.  Plaintiff seeks to certify a nationwide class to vindicate those claims.  It is not clear that California has a local interest in this case because the dispute centers on advertising and marketing applicable to all U.S. consumers.  Neither party has produced any evidence demonstrating what percentage of putative class members reside in California that might clarify whether California does, in fact, have an interest in protecting

its residents. Conversely, Florida has an interest in disputes involving business entities located there and the decisions relevant to plaintiff's claims occurred in Florida. This factor favors transfer.

"The relative docket congestion of the respective forums may be relevant to the Court's decision on whether to transfer." Martin v. Glob. Tel*Link Corp., No. 15-CV-00449-YGR, 2015 WL 2124379, at *6 (N.D. Cal. May 6, 2015) (citing Ctr. for Food Safety v. Vilsack, No. C–11–00831, 2011 WL 996343, at *8 (N.D. Cal. Mar. 17, 2011)). "This factor examines whether a trial may be speedier in another court because of its less crowded docket. To measure congestion, courts compare the two fora's median time from filing to disposition or trial." Ctr. for Food Safety, 2011 WL 996343, at *8 (internal quotation marks and citations omitted).

Here, defendant provided evidence from the U.S. Courts website that there are fewer civil cases allocated to more judges in the Southern District of Florida compared to more civil cases allocated to fewer judges in the Northern District of California. Mtn. at 9. Defendant has not, however, addressed the median time from filing to disposition. This information is publicly available from the same website it cites to the court.[2] Had defendant produced such information, it might have been able to cite favorable facts, but the burden is on the moving party and not the court to make the case for transfer.

To summarize the foregoing, there are some factors that favor transfer to the Southern District of Florida and some factors that weigh against such transfer. The most persuasive factor in favor of transfer is that plaintiff's challenges to defendant's advertising are made on behalf of a putative nationwide class. The most persuasive factor against transfer is that Florida is not clearly more convenient for non-party witnesses or any party witnesses other than its employees located in Florida. As discussed above, additional information could have assisted both parties in making their

---

[2] See https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2020/03/31; https://www.uscourts.gov/statistics/table/t-3/judicial-business/2019/09/30.

arguments. Because defendant has the burden on this motion and has not carried that burden with respect to convenience of the witnesses (the most important factor), transfer is not warranted in this case.

## CONCLUSION

In accordance with the foregoing, the motion to transfer this case to the Southern District of Florida is DENIED.

**IT IS SO ORDERED.**

Dated: July 20, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge